### CINCINNATI TRAC. CO. V. WILLIAM D. JONES.

DOCTRINE OF LAST CHANCE DOES NOT APPLY TO INJURY TO DRIVER TURN-
ING TO AVOID ONE STREET CAR APPROACHING HIM DIRECTLY IN FRONT
OF CAR COMING BEHIND ON PARALLEL TRACK.

The doctrine of last chance does not apply in a case where the
driver of a wagon, following a street railway track in an oppo-
site direction from which the cars run, in order to avoid an
approaching car thereon turns, without looking or listening,
toward the parallel track directly in front of a car coming be-
hind him and is struck and injured.

ERROR to common pleas court.

*Geo. P. Stimson,* for plaintiff in error.
*John E. Fitzpatrick,* for defendant in error.

The defendant in error recovered a judgment below for
$500 as damages on account of the striking of a wagon, which
he was driving on Eastern avenue, by a car which came up
from behind.

**SMITH, J.**

In the above case the court is of the opinion that the mo-
tion of plaintiff in error to arrest the case from the jury and
direct a verdict in its favor should have been granted. The
greater weight of the evidence discloses that defendant in error
was driving his wagon west upon the east-bound track, and as
the car which struck him was approaching on the west-bound
track, sounding its gong, he turned diagonally from the east
to the west-bound track at so short a distance in front of this
car that it was impossible for the motorman to have avoided
a collision.

There is no dispute as to where he was driving, and we do
not think the doctrine of the "last chance" applies under the
evidence in this case, for if there was negligence on his part
and that of the motorman, it would seem under the evidence that
the same was concurrent, and if so, then the defendant in

error was not entitled to recover. He was bound to look and listen before crossing the tracks of the defendant company and manage his horse and vehicle prudently under all the circumstances, considering especially that he was just previous to the accident on the track adjoining the one upon which he was hit by the car going in the same direction as himself.

In this view of the case it is unnecessary to consider other errors alleged to have been committed at the trial, as we think plaintiff in error 'upon all the evidence was entitled to a verdict and judgment.

The judgment of the court below will be reversed and a judgment for plaintiff in error may be entered in this court.

**Giffen** and **Swing, JJ.,** concur.